Filed 4/5/23  Garcia v. CCS Companies CA5

## <u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| EFRAIN GARCIA et al.,<br><br>        Plaintiffs and Appellants,<br><br>            v.<br><br>CCS COMPANIES,<br><br>        Defendant and Respondent. | F083403<br><br>(Super. Ct. No. 15CECG03847)<br><br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  D. Tyler Tharpe, Judge.

Efrain Garcia and Ofelia Garcia, in pro. per., for Plaintiffs and Appellants.

Pollak, Vida & Barer, Daniel P. Barer and Anna L. Birenbaum for Defendant and Respondent.

-ooOoo-

Efrain and Ofelia Garcia (plaintiffs) appeal from a judgment entered against them after the trial court granted the motion for summary judgment filed by defendant CCS Companies (CCS). The trial court concluded the undisputed facts showed the statute of limitations on plaintiffs' claim of malicious prosecution ran prior to the filing of this action. We conclude CCS met its burden of demonstrating the expiration of the limitations period and plaintiffs failed to present evidence raising a triable issue of fact on that point. Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs sued CCS and Gary Rosenberg, alleging deceit, fraud, negligent misrepresentation, and malicious prosecution. Plaintiffs alleged Allstate Insurance Company (Allstate), through its attorney Rosenberg, sued them for subrogation after an accident involving a vehicle that plaintiffs had already sold. Allstate and Rosenberg continued to pursue the action even after plaintiffs provided documentation showing their prior sale of the vehicle. As a result, Efrain Garcia's wages were garnished, both plaintiffs' driver's licenses were suspended, and a lien was placed on their home. The subrogation action was later dismissed. On or about April 23, 2014, during subsequent litigation in federal court, plaintiffs obtained documents indicating CCS hired Rosenberg and pursued the subrogation action on behalf of Allstate. This was plaintiffs' first knowledge of CCS's involvement.

Apparently, after multiple demurrers, the only remaining claim in this case was the malicious prosecution cause of action against CCS. CCS moved for summary judgment, asserting, among other things, that the statute of limitations on plaintiffs' cause of action against it expired before the complaint in this action was filed.

CCS's motion for summary judgment presented these facts: On January 4, 2003, a driver insured by Allstate was involved in an accident with a Ford motor vehicle. The police report identified plaintiffs as the registered owners of the Ford vehicle, but they told the police that they had sold the vehicle. CCS, on behalf of Allstate, retained attorney Rosenberg and sued plaintiffs for subrogation. On November 14, 2011, the subrogation action was voluntarily dismissed without prejudice. In 2012, plaintiffs sued

2.

Allstate for malicious prosecution, and Allstate removed the action to federal court. On June 21, 2012, Allstate filed a motion in federal court that included a declaration explaining that Allstate had retained CCS to pursue the subrogation case against plaintiffs, and CCS handled the subrogation case. On June 5, 2013, Allstate filed another motion in federal court, and presented the same declaration again. At the trial in federal court, the court granted Allstate's motion for directed verdict and entered judgment against plaintiffs on April 7, 2015. Plaintiffs filed their complaint against CCS on December 21, 2015.

CCS argued the two-year statute of limitations on a cause of action for malicious prosecution began to run when the underlying subrogation action was dismissed on November 14, 2011. Even if the late discovery rule applied, plaintiffs learned of CCS's involvement in the matter, and the statute began to run, at least by June 21, 2012, when the declaration explaining CCS's involvement was filed in the federal court action. Because both dates were more than two years before the filing of this action in December 2015, CCS asserted the expiration of the statute of limitations barred this action.

Plaintiffs opposed the motion. The trial court found the expiration of the statute of limitations barred plaintiffs' action, granted CCS's motion, and entered judgment in favor of CCS.

## DISCUSSION

### I.    Standard of Review

Summary judgment is properly granted when no triable issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).)[1] In moving for summary judgment, a "defendant … has met his or her burden of showing that a cause of action has no merit if the party has shown that one or more elements of the cause of action … cannot be established, or that there is a complete defense to the cause of action." (§ 437c, subd. (p)(2).) Once the moving defendant has met its initial burden, "the burden shifts to the plaintiff … to show that a

---

[1]    All further statutory references are to the Code of Civil Procedure.

triable issue of one or more material facts exists as to the cause of action or a defense thereto." (*Ibid.*)

"We review de novo the trial court's decision to grant summary judgment. [Citation.] The court's stated reasons for granting summary judgment are not binding on us because we review its ruling, not its rationale. [Citation.] On appeal, this court exercises its independent judgment in determining whether there are triable issues of material fact and whether the moving party therefore is entitled to judgment as a matter of law." (*Walker v. Countrywide Home Loans, Inc*. (2002) 98 Cal.App.4th 1158, 1168.)

## II.    Merits of CCS's Motion

The statute of limitations applicable to a malicious prosecution cause of action is two years. (§ 335.1; *Stavropoulos v. Superior Court* (2006) 141 Cal.App.4th 190, 197.) A cause of action for malicious prosecution " 'accrues at the time of entry of judgment in the underlying action in the trial court.' " (*Stavropoulos*, at p. 197.) In their opening brief, plaintiffs concede that the underlying subrogation action, which they allege was maliciously prosecuted against them, was dismissed in November 2011. Thus, the limitations period for filing their action expired in November 2013. This action was not filed until 2015. Consequently, absent some reason for late accrual of the cause of action or tolling of the limitations period, plaintiffs' cause of action is barred by the expiration of the statute of limitations.

Plaintiffs seem to argue that, because they were not aware the subrogation action was pursued by CCS, rather than Allstate, the statute of limitations on their claim against CCS did not commence to run until they discovered that fact. Thus, they appear to invoke the discovery rule.

"Under the statute of limitations, a plaintiff must bring a cause of action within the limitations period applicable thereto after accrual of the cause of action. The general rule for defining the accrual of a cause of action sets the date as the time when the cause of action is complete with all of its elements. An exception is the discovery rule, which postpones accrual of a cause of action until the plaintiff discovers, or has reason to discover, the cause of action, until, that is, he at least suspects, or has reason to suspect, a

4.

factual basis for its elements." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 389.) A plaintiff discovers the cause of action when he or she at least suspects a factual basis for its elements; that is, when he or she "at least 'suspects … that someone has done something wrong' to him [or her] [citation], 'wrong' being used, not in any technical sense, but rather in accordance with its 'lay understanding' [citation]." (*Id.* at pp. 397–398.) The statute of limitations begins to run "once the plaintiff ' " 'has notice or information of circumstances to put a reasonable person *on inquiry* ….' " ' " (*Jolly v. Eli Lilly & Co.* (1988) 44 Cal.3d 1103, 1110–1111.)

"[T]he plaintiff may discover, or have reason to discover, the cause of action even if he [or she] does not suspect, or have reason to suspect, the identity of the defendant. [Citation.] That is because the identity of the defendant is not an element of any cause of action. [Citation.] It follows that failure to discover, or have reason to discover, the identity of the defendant does not postpone the accrual of a cause of action …." (*Norgart v. Upjohn Co.*, *supra*, 21 Cal.4th at p. 399, fn. omitted.)

By 2012, plaintiffs suspected someone had done something wrong to them. This is clear, because they filed a malicious prosecution action against Allstate, the plaintiff in the subrogation action filed against them. Thus, even if the discovery rule applied to their claim, and their cause of action did not accrue until they discovered the facts of that claim, the cause of action accrued no later than 2012, more than two years before this action was filed. Plaintiffs' lack of knowledge that CCS was involved and potentially liable, that is, their lack of knowledge of the identity of a potential defendant, did not postpone the commencement of the limitations period. Accrual of their cause of action was not postponed until they learned, during the federal litigation, that CCS was involved in maintaining or controlling the litigation of the subrogation action.

Plaintiffs had the opportunity to name unknown defendants as Doe defendants in their action against Allstate that was removed to federal court. (See § 474.) After learning the identity of an unknown defendant through discovery in that litigation, they could have amended their complaint to substitute the actual name of the defendant for a Doe defendant (see *ibid.*) and pursued the claim. The newly identified defendant would

5.

have been "considered a party to the action from its commencement so that the statute of limitations stop[ped] running as of the date the original complaint was filed." (*GM Corp. v. Superior Court* (1996) 48 Cal.App.4th 580, 589.) Although plaintiffs apparently represented themselves in their prior action against Allstate, "[a] party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' " (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.)

We conclude the two-year period for bringing the malicious prosecution cause of action against CCS expired before plaintiffs filed this action in December 2015. The trial court properly granted summary judgment in favor of CCS.

## DISPOSITION

The judgment is affirmed. CCS is entitled to its costs on appeal.

HILL, P. J.

WE CONCUR:


SMITH, J.


MEEHAN, J.